IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARA E. COPELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 10-4144-JWL |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Motion to Appoint Counsel" (Doc. 4), filed contemporaneously with Plaintiff's complaint in this case. In her complaint, Plaintiff appears to seek judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration denying supplemental security income. (Doc. 1, 2). Plaintiff also filed, and the court granted, a "Motion for Leave to Proceed In Forma Pauperis." (Doc. 3).

Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). The court may, in its discretion, appoint counsel in a civil action to represent a person proceeding in forma pauperis. See 28 U.S.C. § 1915(e) ("The court may request an

attorney to represent any person unable to afford counsel."). Appointment of counsel under 28 U.S.C. § 1915(e) is within the sound discretion of the district court. Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991).

In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the plaintiff has a colorable claim. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts." Id. The court should also consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present her claims, and (4) the complexity of the legal issues raised by the claims. Id.; Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)).

Since this case is a review of the Commissioner's decision on Plaintiff's application for benefits pursuant to the Social Security Act, the court is unable to determine whether Plaintiff's claim is colorable, and unable to consider the four factors enumerated above until the Commissioner answers the complaint and files the administrative record herein.

Therefore, Plaintiff's motion is denied at this time without prejudice to refile, if plaintiff desires, after the Commissioner files his answer along with the administrative record pursuant to D. Kan. Rule 83.7.1.

The court is aware that most attorneys who practice Social Security appeals before this court do not charge a fee for services rendered in a Social Security case unless the appeal is successful and benefits are ultimately awarded. In such a case, attorney fees are limited by the Social Security Act to twenty-five percent of past-due benefits. Therefore, it is possible plaintiff may secure the services of an attorney even after filing the complaint <u>pro se</u>. Moreover, Plaintiff reports that she has sought representation from one law firm which has not responded to her inquiry. (Doc. 4). Therefore, the court would advise Plaintiff to continue to seek representation in the interim before the Commissioner files his answer along with the administrative record.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Appoint Counsel (Doc. 4) is denied without prejudice to refile, after the Commissioner files his answer along with the administrative record in this case.

Dated this 30th day of November 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**